UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERALD C. JR,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:18-CV-05591-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider medical opinion evidence from Dr. Jennifer Irwin, M.D. Had the ALJ properly considered Dr. Irwin's opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 9, 2016, Plaintiff filed an application for DIB, alleging disability as of August 28, 2015. *See* Dkt. 8, Administrative Record ("AR") 34. The application was denied upon initial administrative review and on reconsideration. *See* AR 34. ALJ David Johnson held a hearing on May 16, 2017, and a supplemental hearing on December 4, 2017. AR 58-110, 142-184. In a decision dated January 3, 2018, the ALJ determined Plaintiff to be not disabled. AR 142-84. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) medical opinion evidence from Dr. Irwin, Dr. Cynthia Collwingwood, Ph.D., and Dr. Adrian Magnuson-Whyte, Ph.D.; (2) Plaintiff's subjective symptom testimony; (3) the Veterans Affairs ("VA") Rating Decision ("VA Rating"); and (4) the RFC and Step Five findings. Dkt. 12, pp. 3-13. Plaintiff requests, as a result of the ALJ's alleged errors, the Court remand Plaintiff's claim for an award of benefits. *Id.* at p. 14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.  Whether the ALJ properly assessed the medical opinion evidence.**

Plaintiff first maintains the ALJ failed to properly consider medical opinion evidence from Drs. Irwin, Collingwood, and Magnuson-Whyte. Dkt. 12, pp. 3-11.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  *Dr. Irwin*

Plaintiff contends the ALJ failed to provide any specific, legitimate reason to reject Dr. Irwin's opinion that Plaintiff would have difficulty maintaining regular attendance in the workplace, completing a normal workday/workweek, and dealing with the usual stress encountered in the workplace. Dkt. 12, pp. 4-8.

On August 16, 2016, Dr. Irwin conducted a psychiatric examination of Plaintiff. AR 580-85. Dr. Irwin reviewed an adult function report and discussed with Plaintiff his history of present illness, medications, psychiatric history, medical history, and family, social, and employment history. AR 580-82. Further, Dr. Irwin conducted a mental status examination of Plaintiff. AR

582-83. Regarding Plaintiff's prognosis, Dr. Irwin determined Plaintiff's "psychosis is managed with medications and cognitive behavioral therapy, but the mood cycling persists. It is a lifelong illness and will continue for the next 12 months." AR 583.

Dr. Irwin opined, in relevant part, Plaintiff "would have difficulty maintaining regular attendance in the workplace due to rapid cycling bipolar disorder with unpredictable mood switching." AR 584. Dr. Irwin found Plaintiff "would have difficulty completing a normal workday/workweek without interruption from a psychiatric condition." AR 584. Lastly, Dr. Irwin determined Plaintiff "would have difficulty dealing with the usual stress encountered in the workplace."[1] AR 584.

The ALJ summarized Dr. Irwin's opinion and gave it "little weight," stating:

> (1) [G]iven the other evidence of the claimant's activities and demonstrated capabilities, the limitations opined by Dr. Irwin would not be significant or beyond the tolerances opined by the vocational expert, especially with the limited demands in the limited work setting in the above [RFC]. (2) Dr. Irwin's opinion is also inconsistent with the treatment records indicating that the claimant's mental symptoms are well controlled with medication. (3) This opinion is also inconsistent with medical records that do not record any particular difficulties.

AR 47 (citations omitted) (numbering added).

First, the ALJ gave Dr. Irwin's opinion little weight because he found the opined limitations not significant or beyond the limitations in the RFC given the evidence of Plaintiff's "activities and demonstrated capabilities." AR 47. An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). But an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing

---

[1] The ALJ discounted other opined limitations from Dr. Irwin's opinion, as well. *See* AR 47. Plaintiff, however, only challenges the ALJ's decision to discount these three opined limitations from Dr. Irwin. *See* Dkt. 12, pp. 4-8. Therefore, the Court does not consider whether the ALJ erred in his assessment of the other parts of Dr. Irwin's opinion.

*Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

Here, the ALJ did not explain how "the other evidence" of Plaintiff's activities and capabilities shows Dr. Irwin's opined limitations "would not be significant" or beyond the vocational expert's ("VE's") testimony or the RFC. *See* AR 47. For example, the ALJ did not provide an explanation as to how Plaintiff's "activities and demonstrated capabilities" undermine Dr. Irwin's opinion that Plaintiff would have difficulty maintaining regular attendance or completing a normal workday/workweek. *See* AR 47, 584. Moreover, the ALJ did not provide any record citations or reference any particular activities or capabilities to support his finding. The ALJ "merely states" these facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects." *Embrey,* 849 F.2d at 421. "This approach is inadequate." *Id.*

Furthermore, the ALJ's statement that Dr. Irwin's opined limitations "would not be significant or beyond the tolerances opined by the [VE]" suggests he found the hypothetical questions posed to the VE and the RFC consistent with Dr. Irwin's opined limitations. *See* AR 47. Nonetheless, the ALJ failed to explain whether – and if so, how – he intended to account for Dr. Irwin's opinion in the VE's hypothetical questions or in the RFC. The Court's review of the record also indicates the hypothetical questions posed to the VE and the RFC are not consistent with Dr. Irwin's opinion. For instance, the hypothetical questions posed to the VE and the RFC

do not reflect Dr. Irwin's opinion that Plaintiff would have difficulty maintaining regular attendance in the workplace. *See* AR 39, 175-82. Accordingly, the ALJ's conclusory statement is not specific and legitimate. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Defendant argues the ALJ's first reason for rejecting Dr. Irwin's opinion is sufficient because Plaintiff's golfing activities are inconsistent with Dr. Irwin's opinion. *See* Dkt. 15, p. 7. But the ALJ did not reference this activity or cite any evidence in his first reason for discounting Dr. Irwin's opinion. *See* AR 47. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (other citation omitted).

In sum, Defendant's post hoc argument is without merit, and the ALJ's first reason for discounting Dr. Irwin's opinion fails to reach the level of specificity necessary to reject this opinion. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings").

Second, the ALJ found Dr. Irwin's opinion inconsistent with treatment records indicating Plaintiff's symptoms "well controlled with medication." AR 47. Impairments that can be controlled with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d

1001, 1006 (9th Cir. 2006) (citations omitted). Here, to support his finding, the ALJ cited one mental health treatment note from July 14, 2016. *See* AR 47 (citing AR 599). Yet the ALJ did not describe any findings from the mental health treatment note, instead stating in a conclusory manner that treatment records showed Plaintiff's symptoms controlled by medication. *See* AR 47. Moreover, the ALJ failed to consider other mental health treatment records indicating Plaintiff's symptoms not well-controlled, both before and after Dr. Irwin rendered her opinion. *See, e.g.*, AR 589 ("rapid cycling bipolar"), AR 613 (anxious mood, variably impaired functional status, blunted affect; Plaintiff "reported being exhausted" due to severe symptoms), AR 617 (preoccupied cognitive functioning, anxious, labile affect), AR 660 (anxious, impaired functional status); *see also* AR 794, 796, 798 (anxious, variably impaired functional status from March to May 2017).

In addition, Dr. Irwin noted Plaintiff's "psychosis is managed with medications and cognitive behavioral therapy, *but the mood cycling persists*. It is a lifelong illness[.]" AR 583 (emphasis added). Thus, Dr. Irwin's opinion suggests she considered Plaintiff's condition on medication – a fact the ALJ did not discuss. Given the ALJ's conclusory reasoning and lack of record support, the Court finds the ALJ's reliance on a single record not sufficiently specific nor supported by substantial evidence.

Third, the ALJ determined Dr. Irwin's opinion is "inconsistent with medical records that do not record any particular difficulties." AR 47. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, as explained above, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with

boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13 (citation omitted). In this case, while the ALJ provided citations to treatment records, he again failed to describe any findings from those records and explain how those records "do not record any particular difficulties." *See* AR 47 (citing AR 628-33, 698-789, 824-98). Further, in referencing these medical records, the ALJ cited three entire exhibits, which span a total of more than 150 pages. *See* AR 47. Given the ALJ's lack of explanation and clear citation, the ALJ's final reason for discounting Dr. Irwin's opinion is not specific and legitimate. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the [Social Security Administration's] ultimate findings.").

For the above stated reasons, the Court finds the ALJ failed to provide a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Irwin's opined limitations. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that

do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, had the ALJ properly considered Dr. Irwin's opinion, the RFC and hypothetical questions posed to the VE may have reflected Plaintiff would have difficulty maintaining regular attendance in the workplace. The RFC and hypothetical questions may have also reflected Plaintiff would have difficulty completing a normal workday or workweek without interruptions from a psychiatric condition. The RFC and hypothetical questions posed to the VE did not contain these restrictions. *See* AR 39, 175-82. Because the ultimate disability determination may have changed with proper consideration of Dr. Irwin's opinion, the ALJ's error is not harmless and requires reversal.

On remand, the ALJ shall re-evaluate Dr. Irwin's opined limitations that Plaintiff would have difficulty maintaining regular attendance in the workplace, completing a normal workday or workweek without interruptions from a psychiatric condition, and dealing with the usual stress encountered in the workplace.

B. *Dr. Collingwood*

Plaintiff also asserts the ALJ failed to properly consider Dr. Collingwood's opinion rendered on November 28, 2016 that Plaintiff would have difficulty maintaining regular attendance and completing a normal workday and workweek. Dkt. 12, pp. 8-10.

On November 28, 2016, Dr. Collingwood completed a psychological evaluation of Plaintiff. AR 662-92. As part of her evaluation, Dr. Collingwood reviewed several records and conducted a clinical interview, a mental status examination, and various other psychological tests, including trail making exercises, word association tests, and clock drawings. *See* AR 662. In relevant part, Dr. Collingwood opined Plaintiff is "unable to sustain an 8-hour day or a 40-

hour work week." AR 672. Dr. Collingwood likewise determined Plaintiff would likely be absent from work five days or more per month due to his mental impairments and/or his need for ongoing and periodic medical treatment and care. AR 676.

After summarizing Dr. Collingwood's opinion, the ALJ gave it "little weight." AR 46. The ALJ reasoned:

> (1) This opinion is inconsistent with other evidence showing a long, consistent history of regular outings, including golfing. (2) Dr. Collingwood's assessment is also based on subjective allegations that are not entirely accurate. For example, the claimant represented to Dr. Collingwood that he golfs once a week, which clearly inconsistent with the claimant's reports throughout the record, at the Hearings and to the [the Cooperative Disability Investigations Unit ("CDIU")] investigating officer, *e.g.*, his other reports range from 4 times a week to almost every day. (3) Additionally, this opinion is inconsistent with the claimant's functioning when he did not know he was being observed for disability purposes and thought his identity had been stolen, and is inconsistent with statements made by the claimant and witnesses to the CDIU, *e.g.*, that the claimant golfs every day, is "gregarious" and always talking to people, and teaches golf to adults and children.

AR 46 (citations omitted) (numbering added).

In his second reason for discounting Dr. Collingwood's opinion, the ALJ found Dr. Collingwood's opinion based on inaccurate reports from Plaintiff. AR 46. The fact that a physician relies on incorrect information is a specific and legitimate reason for discounting the opinion. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Here, the ALJ accurately noted that while Plaintiff reported to Dr. Collingwood that he golfs once per week, he reported to various other sources that he golfs between four times per week to almost every day. *See* AR 46 (citing AR 80 (golfing "nearly every day"), AR 589 ("[g]olfs up to 4x a week to help regulate mood"), AR 595 ("spends the majority of the day golfing" Tuesday through Friday), AR 811 ("he just plays golf every day")). Importantly, Dr. Collingwood wrote Plaintiff's "single activity of golfing once per week . . . should be seen as therapeutic and should not [sic] confused for

1  adequate social functioning outside of a therapeutic setting, and held against him[.]" AR 672. As

2  the record shows Dr. Collingwood drew conclusions based on Plaintiff's report that he golfs

3  once per week, the ALJ properly reasoned Dr. Collingwood's opinion is based on allegations that

4  are not entirely accurate. Therefore, this is a specific, legitimate reason, supported by substantial

5  evidence, to discount Dr. Collingwood's opinion.[2]

6  But in any event, the Court has determined the ALJ must re-evaluate part of Dr. Irwin's

7  opinion on remand. As such, the ALJ is directed to reassess Dr. Collingwood's opinion that

8  Plaintiff is unable to complete an 8-hour day or a 40-hour workweek and would likely be absent

9  from work five days or more per month on remand, as necessitated by his reconsideration of Dr.

10  Irwin's opinion.[3]

11  C.  *Dr. Magnuson-Whyte*

12  Plaintiff challenges the ALJ's consideration of Dr. Magnuson-Whyte's March 17, 2017

13  medical opinion.[4] Dkt. 12, pp. 10-11.

14  Dr. Magnuson-Whyte, one of Plaintiff's treating physicians, provided a Medical Source

15  Statement. *See* AR 694-97. Dr. Magnuson-Whyte opined Plaintiff would be precluded from

16  performance/productivity for 30% of an 8-hour workday in several areas, including his ability to

17  remember locations and work-like procedures, understand and remember detailed instructions,

---

[2] While the ALJ provided other reasons to discount Dr. Collinwood's opinion, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (noting that although an ALJ erred regarding one reason he gave to discount a medical opinion, "this error was harmless because the reason gave a reason supported by the record" to discount the opinion).

[3] As Plaintiff only challenges the ALJ's treatment of these opined limitations from Dr. Collingwood, the Court does not direct the ALJ to reconsider other parts of Dr. Collingwood's opinion. *See* Dkt. 12, pp. 8-10.

[4] Dr. Magnuson-Whyte rendered another opinion on May 10, 2016. AR 547. Because Plaintiff does not challenge the weight the ALJ assigned to this opinion, the Court does not assess the ALJ's consideration of it.

carry out detailed instructions, and maintain attention and concentration for extended periods. AR 694-95. Likewise, Dr. Magnuson-Whyte found Plaintiff precluded from performance/productivity for 30% of an 8-hour workday in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others; and complete a normal workday or workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. AR 695. Dr. Magnuson-Whyte determined Plaintiff is limited at this level in his ability accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in a work setting, and travel in unfamiliar places or use public transportation. AR 695-96. Dr. Magnuson-Whyte also opined Plaintiff is precluded from performance/productivity for 20% of an 8-hour workday in several areas, including the ability to understand, remember, and carry out short and simple instructions, sustain an ordinary routine without special supervision, and ask simple questions or request assistance. *See* AR 694-95.

Regarding this opinion, the ALJ noted Dr. Magnuson-Whyte opined Plaintiff would be unable to perform or maintain productivity for 20 to 30% of an 8-hour workday with respect to several tasks. *See* AR 46. The ALJ gave Dr. Magnuson-Whyte's opinion "little weight," stating:

> (1) This opinion is inconsistent with the claimant's demonstrated ability to persist at golfing and other activities such as travel and volunteering as a golf instructor. (2) This opinion is also unsupported by treatment notes that do not record any particular difficulties. (3) Further, this opinion is inconsistent with reports of witnesses during the CDIU's investigation that the claimant golfs every day and teaches golf to adults and children.

AR 46 (citations omitted).

First, the ALJ rejected Dr. Magnuson-Whyte's opined limitations because he found it inconsistent with Plaintiff's demonstrated ability to persist at golfing and other activities. *See* AR

46. As previously stated, an ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's activities. *See Rollins*, 261 F.3d at 856. Here, the ALJ accurately noted that while Dr. Magnuson-Whyte's opined Plaintiff would be unable to perform or maintain productivity for 20-30% of an 8-hour workday in multiple areas, the record shows Plaintiff has a demonstrated ability to persist at golfing. *See* AR 46; *see also* AR 80, 589, 595, 811. As the ALJ noted, the ability to golf multiple days per week undermines Dr. Magnuson-Whyte's opinion that Plaintiff would be unable to perform or maintain productivity for 20-30% of an 8-hour workday regarding "tasks that require him to understand and remember [and] sustain concentration and pace[.]" *See* AR 46. Accordingly, the ALJ did not err in discounting Dr. Magnuson-Whyte's opinion for this reason. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citations omitted) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion which must be upheld."); *Crawford v. Colvin*, 2014 WL 2216115, at *9 (W.D. Wash. May 29, 2014) (finding the plaintiff failed to demonstrate error when she did not show the ALJ's reliance on other evidence and interpretation of the evidence overall was not rational).[5]

Nevertheless, the ALJ erred in his assessment of Dr. Irwin's opinion. Because reconsideration of Dr. Irwin's opinion may impact the ALJ's treatment of Dr. Magnuson-Whyte, the ALJ shall reassess Dr. Magnuson-Whyte's March 17, 2017 opinion on remand, as necessitated by his reconsideration of Dr. Irwin's opinion.

**II.    Whether the ALJ provided sufficient reasons to discredit Plaintiff's testimony.**

Plaintiff contends the ALJ failed to give sufficient reasons for rejecting Plaintiff's testimony. Dkt. 12, pp. 11-13. The Court has concluded the ALJ committed harmful error in

---

[5] Because the ALJ provided one proper reason to discount Dr. Magnuson-Whyte's opinion, the Court does not evaluate whether the ALJ's remaining reasons for discounting this opinion contained error, as any error would be harmless. *Presley-Carrillo*, 692 Fed. Appx. at 944-45 (citing *Carmickle*, 533 F.3d at 1162).

assessing a portion of Dr. Irwin's opinion and has directed the ALJ to reassess this opinion, as well as the opinions of Drs. Collingwood and Magnuson-Whyte, on remand. *See* Section I., *supra*. Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony. Instead, the ALJ shall reassess Plaintiff's subjective symptom testimony as necessary on remand.

### III. Whether the ALJ properly considered the VA Rating.

Plaintiff briefly states the Court should remand this case for the ALJ to consider Plaintiff's VA Rating. Dkt. 12, pp. 2, 14.

A determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration; however, an ALJ must consider the VA's determination in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504

In this case, the ALJ discussed Plaintiff's 100% VA Rating in his decision and stated reasons for giving the VA Rating "little weight." AR 47. Plaintiff asserts in the Opening Brief the case should be remanded case "for the ALJ to consider the 100% VA [R]ating." Dkt. 12, pp. 2, 14. But Plaintiff fails to set forth any particularized argument regarding how the ALJ's consideration of the VA Rating was improper. *See id.* Given Plaintiff's lack of supporting argument, the Court declines to consider whether the ALJ properly considered the VA Rating. *See Carmickle*, 533 F.3d at 1161 n.2 (the Court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

## IV. Whether the RFC and Step Five findings are supported by substantial evidence.

Plaintiff maintains the RFC and Step Five findings are not supported by substantial evidence. Dkt. 12, p. 13.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess medical opinion evidence and Plaintiff's subjective symptom testimony on remand. *See* Sections I.-II., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

## V. Whether an award of benefits is warranted.

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 12, p. 14.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate medical opinion evidence from Drs. Irwin, Collingwood, and Magnus-Whyte; Plaintiff's subjective symptom testimony; the RFC; and the Step Five findings on remand. Because outstanding issues remain regarding the medical evidence, Plaintiff's testimony, the RFC, and his ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 4th day of April, 2019.

David W. Christel
United States Magistrate Judge